UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSHUA MERRITT** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **MIDLAND CREDIT MANAGEMENT,** ) | |
| **INC.** ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |
| ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Joshua Merritt, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire and of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.    INTRODUCTORY STATEMENT**

1.    Plaintiff, Joshua Merritt, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade

Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides in this District and the Defendant transacts business here.

## III.     PARTIES

4. Plaintiff, Joshua Merritt ("Plaintiff") is an adult natural person residing at 2622 Swede Road, Apt A13, East Norriton, PA 19401.

5. Defendant, Midland Credit Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its mailing address located at located at P.O. Box 603, Oaks PA 19456.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7.      On or about August 31, 2009, Plaintiff was contacted by the Defendant's agent, "Kelly Thompson" in regards to a debt owed to Chase in the amount of $5,200.

8.      Plaintiff asked Defendant's agent, "Kelly Thompson", how they could be collecting on such an old debt, and if the statute of limitations was up on this account. Agent, "Kelly Thompson", explained that Plaintiff had made a payment sometime in 2006 and because of that the statute of limitations started all over again.

9.      Plaintiff asked Defendant's agent, "Kelly Thompson", for validation of the debt as well as of the payment that was allegedly made in 2006.

10.     Defendant's agent, "Kelly Thompson", told Plaintiff that she did not have that information and that there was nothing she could provide him with.

11.     On that same call, Defendant's agent, "Kelly Thompson", told Plaintiff that if he didn't make some kind of payment arrangement with her that she would submit his account to their legal department and they would then sue him.

12.     Plaintiff was also told by Defendant's agent that they would also garnish his wages to get the money that he owed them.

13.     Out of fear of being sued, Plaintiff gave the Defendant his checking account information and agreed to a monthly payment schedule of $150 a month, even though he truly could not afford to do so.

14.     To date Plaintiff has not received any written correspondence from the Defendant verifying the debt or confirming the coerced payment agreement.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692d, d(2), d(6), e, e(2), e(4), e(10), f, and g.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Midland Credit Management, Inc. and Order the following relief:

   a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

   b. Actual damages;

   c. Statutory damages pursuant to 15 U.S.C. §1692k;

   d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

   e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

23. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

24. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

25. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

26. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

27. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

28. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

29. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

30. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

 a. Actual damages;

 b. Treble damages;

 c. An award of reasonable attorneys fees and expenses and costs of court; and

 d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

31.     The foregoing paragraphs are incorporated herein by reference.

32.     Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

33.     The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

34.     The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a.   Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b.   Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c.   Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

35.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

36.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    An Order declaring that Defendant violated the UTPCPL;

    b.    Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: September 25, 2009    BY: **/s/ Bruce K. Warren**
Bruce K. Warren, Esquire

BY: **/s/ Brent F. Vullings**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney's for Plaintiff